```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

JAY A. PALMER                          *        CIVIL ACTION

VERSUS                                 *        NO. 05-4168

ALFRED DOMINGUES, ROBERT C.            *        SECTION "B"
DOMINGUES, ABC INSURANCE COMPANY
AND SAFECO INSURANCE COMPANY OF
ILLINOIS
```

## ORDER AND REASONS

Before the Court is a Motion for Partial Summary Judgment on behalf of Defendants Alfred Domingues, Robert C. Domingues, ABC Insurance Company and Safeco Insurance Company of Illinois, pursuant to Federal Rule of Civil Procedure 56 (Rec. Doc. No. 19). For the following reasons, Defendant's motion for Partial Summary Judgment is hereby **GRANTED**.[1]

## BACKGROUND

On July 12, 2005, Plaintiff and Defendant were involved in an automobile collision. (Rec. Doc. No. 22, Ex. "2"). Pursuant to the police accident report, Defendant was operating his vehicle in the wrong direction down the interstate and collided

---

[1] We are grateful for the work on this case by Beth Bernstein, a Tulane Law School extern with our Chambers.

with Plaintiff, who was operating his vehicle in the correct direction. (Rec. Doc. No. 22, Ex. "2").

On July 25, 2005, a letter was faxed from the Plaintiff to the Defendant stating that Plaintiff's vehicle was inoperable due to the collision, and that Plaintiff obtained a rental vehicle pending assessment of the property damage. (Rec. Doc. No. 22, Ex. "2"). On the same day, July 25, 2005, Defendant Safeco Insurance Company of Illinois ("Safeco")faxed a letter to Plaintiff informing Plaintiff that his vehicle was declared a total loss. (Rec. Doc. No. 22, Ex. "3").

The Plaintiff retained the rental vehicle from July 14, 2005 until November 26, 2005. (Rec. Doc. No. 19, Ex. "C".) He evacuated the city during Hurricane Katrina with the vehicle. (Rec. Doc. No. 22, Ex. "10").

## LAW AND ANALYSIS

1. Summary Judgment Standard

Summary judgment is proper if the pleadings, depositions, interrogatory answers and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56©). See also Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S. Ct. 2548, 2554-55 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). The

Court must consider the evidence with all reasonable inferences in the light most favorable to the non-moving party; the non-movant must produce specific facts to demonstrate that a genuine issue exists for trial.  <u>Webb v. Cardiothoracic Surgery Associates of North Texas</u>, 139 F.3d 532, 536 (5th Cir. 1998).  The non-movant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. <u>Id.</u>  Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment.  <u>Travelers Ins. Co. v. Liljeberg Enter., Inc.</u>, 7 F.3d 1203, 1207 (5th Cir. 1993).

2.  <u>Out of Pocket Expenses</u>

    Defendant requests that the court find that Plaintiff's only remaining out-of-pocket expenses as far as his property damage claim is concerned are his rental car expenses.  Plaintiff admits to this fact in the deposition.  (Rec. Doc. No. 19, Ex. "B").  Additionally, Plaintiff's Memorandum in Opposition to Motion for Partial Summary Judgment does not dispute this fact, and of all property damage expenses, only requests that Defendant be held liable for rental expenses.  Therefore, the Court finds that Plaintiff's only remaining out-of-pocket expenses are the rental car expenses.

3.  <u>Vehicle Rental</u>

    The issue before the Court is whether Defendant should be responsible for the Plaintiff's rental car fees for the entire

period in which the vehicle was rented, or only for thirty days.

Under Louisiana law, "the insurer responsible for payment of the claim shall pay, to the extent legally responsible, for reasonable expenses incurred by the third party claimant in obtaining alternative transportation for the entire period of time during which the third party claimant is without the use of his personal vehicle." LSA-R.S. 22:658(B)(4). Louisiana courts have limited this statutory provision, however, in circumstances of total loss. "Generally, damages for loss of the use of a vehicle (or for the rental of another) are recoverable. However, that rule is subject to the following reservation. In those cases in which the wrecked vehicle is totally destroyed or its repair is not economically feasible, those damages are recoverable only for a reasonable time, that period in which the owner becomes aware of the situation and secures a replacement therefor." Washington v. Lake City Beverage, Inc., 352 SO.2d 717, 722 (La.App. 3 Cir. 1977) (citing Hoffman v. All Star Ins. Corp., 288 So.2d 388 (La.App. 4 Cir. 1974), writ denied 290 So.2d 909 (La.)& Barry v. United States Fidelity & Guaranty Co., 236 So.2d 229 (La.App. 3 Cir. 1970)). See also Rosenthal v. Mid-American Indem. Co. 572 So.2d 613, 617 (La.App. 3 Cir. 1990)(same) & Menard v. Prejean, 374 So.2d 1275, 1277 (La.App. 3 Cir. 1979)(same). Louisiana courts have repeatedly held that "a reasonable time to replace the destroyed vehicle is a period of thirty days after discovery that the car is a total loss."

Moxley v. Cole, 736 SO.2d 249, 252 (La.App. 3 Cir. 1999); see also Neloms v. Empire Fire & Marine Ins. Co. 859 So.2d 255 (La.App. 2 Cir. 2003); Williams v. Louisiana Indemnity Co., 658 So.2d 739 (La.App. 2 Cir. 1995); Bonner v. Louisiana Indemnity Co., 607 So.2d 915 (La.App. 2 Cir. 1992); Rosenthal v. Mid-American Indem. Co. 572 So.2d 613 (La.App. 3 Cir. 1990); Protho v. Dillahunty, 488 So.2d 1163 (La.App. 2 Cir. 1986); Menard v. Prejean, 374 So.2d 1275 (La.App. 3 Cir. 1979).  "Neither a plaintiff's financial straits in general, nor an insurer's failure to negotiate an acceptable settlement of the claim, may be used to extend the recovery period for loss of use damages." Bonner, 607 So.2d at 917 (citing Protho and Menard, supra).

In Bonner, the court found that the earliest time for reasonably charging the plaintiff with knowledge that her car was a total loss was the date of the insurance company's tender of payment for its evaluation of the car as a total loss.  607 So.2d at 915.  The court in Rosenthal found that a phone call from the plaintiff's attorney to an insurance adjuster notifying the insurance adjuster that the vehicle was a total loss indicated the earliest point from which the plaintiff knew that his vehicle was a total loss.  572 So.2d at 617.

The plaintiff in Protho claimed that "he was not financially able to replace the vehicle sooner and the reluctance of the defendant insurance company to negotiate was responsible for the

delay." 488 So.2d at 1168.  The court rejected this argument and held that lack of finances and failure of the defendant's liability insurer to negotiate a settlement are not valid reasons for extending the time for recovery for loss of a vehicle.  Id; see also Bonner 607 So.2d 915.

In the instant case, Plaintiff Jay Palmer rented a vehicle following the collision on July 14, 2005.  He was notified by a letter dated July 25, 2005 that his own vehicle was a total loss. (Rec. Doc. No. 22, Ex. "3").  Because the Plaintiff was notified on July 25, 2005 that his vehicle was a total loss, a reasonable period of time for the Plaintiff to obtain a replacement vehicle would be 30 days, or until August 25, 2005.

Courts are given considerable discretion to determine the damages awarded for loss of use of a vehicle.  Alexander v. Qwik Change Car Center, Inc. 352 So.2d 188 (La. 1977).  Thus, the Court may take into consideration that on August 29, 2005, Hurricane Katrina made landfall in Louisiana, forcing the majority of residents, Plaintiff included, to evacuate the area. Plaintiff evacuated in the rental truck and returned to the city three weeks later. (Rec. Doc. No. 22, Ex. "10").  Plaintiff returned the truck on October 1, 2005 (80 days) and rented another until November 26, 2005 (57 days).  (Rec. Doc. No. 19, Ex. "C").

In total, Plaintiff retained a rental vehicle for 137 days

following the collision, less the 11 days from when he rented the vehicle and when he was informed it was a total loss, Plaintiff had the rental car for 128 days after he knew his vehicle was a total loss, more than three months longer than Louisiana courts deem reasonable.  Even in consideration of Hurricane Katrina, (which occurred 34 days after Plaintiff had knowledge of the total loss), 128 days is an unreasonable period of time for which Defendant ought to be responsible for rental car fees.  Plaintiff had a responsibility to secure a new vehicle for himself after discovering that his own vehicle was a total loss. See Washington, supra.

The Plaintiff contends that he continued to incur rental expenses because Defendant refused to pay property damages or accept liability.[2]  Louisiana courts will not take into consideration a plaintiff's financial situation, nor will it consider the failure of an insurance company to settle in extending the period of time for recovery.  Protho, 488 So.2d at 1168.  There is no genuine issue of material fact.  If Defendant is found liable for damages, Defendant should not have to pay for the entire period during which Plaintiff rented the vehicle.

For the foregoing reasons, Defendant's motion for Partial

---

[2] Liability is still in dispute in this matter.

Summary Judgment is hereby **GRANTED**.[3]

New Orleans, Louisiana, this 26th day of July, 2006.

_____
IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff argues that he should be entitled to attorneys fees and a penalty under LSA-R.S. 22:658. Attorneys fees and penalties are not at issue in the instant motion for partial summary judgment. Nothing in this opinion should be construed to preclude Plaintiff from bringing such claims in the future if applicable.